```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------  X

DARLENE BROWN-BEZEAR

                                Plaintiff,
                                                    COMPLAINT
              -against-

THE CITY OF NEW YORK; COMMISSIONER RAYMOND          ECF Case
W. KELLY; COMMISSIONER MARTIN F. HORN;
SUPERVISOR POLICE OFFICER JOHN DOE # 1;             Jury Trial Demanded
POLICE OFFICER CASEY; POLICE OFFICER KANE;
POLICE OFFICER JOHN DOES # 1-11; CORRECTION         07 CV 6675 (PAC)
OFFICER JOHN DOES # 1-5; SUPERVISOR
CORRECTIONS OFFICER JOHN DOES # 1-2; the
individual defendants sued individually and
in their official capacities,

                                Defendants.

------------------------------------------  X
```

**PRELIMINARY STATEMENT**

1.    This is a civil rights action in which plaintiff seeks relief for the violation of her rights secured by 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. The claims arise from an incident, which occurred on or about August 19, 2006. During the incident the City of New York and members of the New York City Police Department ("NYPD") and the City of New York Department of Corrections ("DOC") subjected plaintiff to, among other things, false arrest, excessive force, unlawful search and seizure, denial of medical care, unconstitutional conditions of confinement, malicious prosecution, assault and battery, intentional and negligent infliction of emotional distress, retaliation for free speech, fabricated evidence, conspiracy, harassment, abuse of process,

gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

**JURISDICTION & VENUE**

2.   This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.   Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law. A Notice of Claim was duly filed on the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing and the City has refused to settle plaintiff's claim. Moreover, this action has been filed within one year and 90 days of the incidents that are the basis of this claim.

4.   Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in New York County, and the City of New York, the NYPD and the DOC are subject to personal jurisdiction in the Southern District of New York.

**PARTIES**

5. Plaintiff Darlene Brown-Bezear is a citizen of the State of New York, County of Kings.

6. Defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7. Defendant Raymond W. Kelly is the Commissioner of the NYPD who violated plaintiff's rights as described herein.

8. Defendant Martin F. Horn is the Commissioner of the DOC who violated plaintiff's rights as described herein.

9. Defendant Supervisor Police Officer John Doe # 1 is a New York City Police supervisor employed with the Midtown North Precinct and/or the 18th Precinct located in New York, New York who violated plaintiff's rights as described herein.

10. Defendant Police Officer Casey, is a New York City Police officer employed with the Midtown North Precinct and/or the 18th Precinct located in New York, New York who violated plaintiff's rights as described herein.

11. Defendant Police Officer Kane, is a New York City Police officer employed with the Midtown North Precinct and/or the 18th Precinct located in New York, New York who violated plaintiff's rights as described herein.

12. Defendant Police Officer John Does # 1-11 are New York City Police Officers employed with the Midtown North Precinct and/or the 18th Precinct located in New York, New York who violated plaintiff's rights as described herein.

13. Defendant Correction Officer John Does # 1-5 are New York City Correction Officers employed at the Riker's Island Detention Center located in East Elmhurst, New York who violated plaintiff's rights as described herein.

14. Supervisor Correction Officer John Does # 1-2 are New York City Correction Supervisor employed at the Riker's Island Detention Centers located in East Elmhurst, New York who violated plaintiff's rights as described herein.

15. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

16. The following is a summary set forth for the purpose of demonstrating, averring, and providing notice of plaintiff's claims against the defendants. Plaintiff has not set forth each and every fact concerning the incident(s) described below.

17. On August 19, 2006, in the vicinity of 254 West 54th Street, New York, New York at approximately 7:00 p.m., the defendants, including Police Officer Casey, Police Officer Kane, Supervisor Police Officer John Doe # 1, and Police Officer John Does # 1-11 committed the following illegal acts against plaintiff.

18. On August 19, 2006, at approximately 7:00 p.m., plaintiff was at "Dillon's", located at 254 West 54th Street, New York, New York with her family. When plaintiff's non-party daughter left the establishment to feed the meter to her vehicle she came to find out that it had been involved in an accident. Plaintiff's non-party daughter came back into the establishment and informed plaintiff of

the accident outside. Plaintiff and her daughter left the establishment to check on her daughter's vehicle and found a number of officers who had responded to the scene. Plaintiff's daughter approached the officers and attempted to inform them that the vehicle in question was her car. However, after passing the first set of officers, plaintiff's daughter was struck from behind by the defendant police officers. Plaintiff's daughter was then attacked with a can of mace by the defendant police officers. When plaintiff questioned the officers' actions she was retaliated against in that the defendant police officers rushed the plaintiff and forced her to the ground. While plaintiff was on the ground, the defendant officers, at times acting in concert and at times acting individually, maliciously, gratuitously, and unnecessarily: (1) pushed and shoved plaintiff; (2) kicked plaintiff about the body; (3) throwing plaintiff to the ground; (4) twisting claimant's arms; and, (5) placed excessively tight handcuffs on plaintiff. Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

19. When plaintiff complained that the officer's actions were illegal, the officers increased their level of mistreatment.

20. In addition, before throwing plaintiff into the vehicle, the defendant police officers, without reasonable suspicion or probable cause searched plaintiff on the street. No narcotics, contraband, or weapons were recovered from plaintiff as a result of the search.

21. The defendant police officers then transported plaintiff to the 18th precinct in New York, New York.

22. Defendant Police Officer John Doe # 1 was present during the above incidents, and supervised, and approved plaintiff's false arrest.

23. While at the 18th precinct, the defendant police officers failed to provide medical treatment to plaintiff even though she requested such attention. Further, plaintiff was again subjected to excessive force and humiliation, when she asked to have her handcuffs loosened and the officers at the 18th Precinct responded by tightening her handcuffs. Also plaintiff's repeated requests to use the restroom were denied to the extent that plaintiff was forced to urinate on the floor of the station on two occasions, which the defendant police officers at the 18th precinct forced claimant to clean up with a mop while she was still handcuffed. Those officers who did not touch plaintiff failed to protect her from these actions.

24. Plaintiff was at the 18th precinct and being transported by members of the 18th Precinct for a period in excess of 12 hours and when she asked for her handcuffs to be loosened, in retaliation for plaintiff's free speech the defendant police officers tightened plaintiff's handcuffs. Throughout the arrest, plaintiff was subjected to excessively tight handcuffs about her wrists.

25. Plaintiff was finally taken to New York Central Booking where she was made to wait another 1 hours. While at Brooklyn Central Booking plaintiff was subjected to depraved, filthy, and inhumane conditions of confinement, including overcrowding.

26. The guards and personnel assigned to New York Central Booking looked the other way at these dangerous conditions, and ignored arrestees who sought their assistance.

27. While plaintiff was at the 18th Precinct and New York Central Booking, the defendant police officers, pursuant to a conspiracy, falsely and maliciously told the New York County District Attorney's Office that plaintiff had committed a crime, and based on the defendants' false allegations, the District Attorney's Office decided to prosecute plaintiff in New York Criminal Court under Criminal Docket # 2006NY056219. Following her arraignment, plaintiff was held on bail and transported to Riker's Island in East Elmhurst, New York.

28. While plaintiff was at Riker's Island, she was subjected to DOC's unlawful policy of strip-searching in public regardless of reasonable suspicion or probable cause. Plaintiff was forced to squat and expose her private areas in front of numerous non-essential DOC employees and other detainees. DOC staff made derogatory remarks in response to plaintiff's physical attributes.

29. The fact that the strip search of plaintiff was carried out in a non-private manner is sufficient in and of itself to violate the Constitution. It is well established that, even where there is justification for a strip search the search must be conducted in a reasonable manner. A strip search is unreasonable if it is carried out in a non-private manner and in the presence of nonessential people, such as other detainees.

30. No illegal items, narcotics, or contraband were recovered from plaintiff during the above-described strip search.

31. After a period of detention in excess of 8 hours, plaintiff was released from Riker's Island after her family posted bail in her case.

32. Defendant Supervisor Corrections Officer John Doe # 1 was present during the above incidents, and supervised, and approved plaintiff's unlawful strip search.

33. On March 22, 2007, plaintiff's case was dismissed and sealed by the New York County District Attorney's Office.

34. The individual defendants acted in concert committing these illegal acts against plaintiff.

35. Plaintiff did not resist arrest at any time during the above incidents.

36. Plaintiff did not engage in suspicious, unlawful or criminal activity prior to or during the above incidents.

37. The individual defendants did not observe plaintiff engage in suspicious, unlawful, or criminal conduct at any time prior to or during the above incidents.

38. At no time prior to or during the above incidents were the individual defendants provided with information or in receipt of a credible or an objectively reasonable complaint from a third person that plaintiff had engaged in suspicious, unlawful or criminal conduct.

39. The aforesaid events were not an isolated incident. Defendants Commissioner Raymond W. Kelly, Commissioner Martin F. Horn,

Supervisor Police Officer John Doe # 1 and Supervisor Corrections Officers John Does # 1-2 have been aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's and DOC's officers and employees are insufficiently trained on the proper way to use force, search arrestees and/or detainees, and treat innocent and/or uninvolved individuals who are found at an incident scene and/or investigation location. Commissioner Raymond W. Kelly, Commissioner Martin F. Horn, Supervisor Police Officer John Doe # 1 and Supervisor Corrections Officer John Doe # 1 are further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, Commissioner Raymond W. Kelly, Commissioner Martin F. Horn, Supervisor Police Officer John Doe # 1 and Supervisor Corrections Officer John Doe # 1 have failed to take corrective action. This failure caused the defendant officers in the present case to violate the plaintiff's civil rights.

40. Moreover, Commissioner Raymond W. Kelly, Commissioner Martin F. Horn, Supervisor Police Officer John Doe # 1 and Supervisor Corrections Officer John Doe # 1 were aware prior to the incident that the defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers or corrections officers. Despite such notice, Commissioner Raymond W. Kelly, Commissioner Martin F. Horn, Supervisor Police Officer John Doe # 1 and Supervisor Corrections Officer John Doe # 1 have retained these officers and employees, and failed to adequately train and supervise them.

9

41. As a result of defendants' actions plaintiff experienced personal and physical injuries (including bruises, contusions, lacerations, a dislocated knee, and injuries to her elbows and arms), pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

**FEDERAL AND STATE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS**

42. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

43. The conduct of the defendant officers, as described herein, amounted to false arrest, excessive force, unlawful search and seizure, denial of medical care, unconstitutional conditions of confinement, malicious prosecution, assault and battery, intentional and negligent infliction of emotional distress, retaliation for free speech, fabricated evidence, conspiracy, harassment, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

44. The conduct of the defendant officers, as described herein, violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and New York State law, by committing false arrest, excessive force, unlawful search and seizure, denial of

10

medical care, unconstitutional conditions of confinement, malicious prosecution, assault and battery, intentional and negligent infliction of emotional distress, retaliation for free speech, fabricated evidence, conspiracy, harassment, abuse of process, gross negligence, negligent hiring and retention of incompetent and unfit employees, negligent supervision, training and instruction of employees, and implementation and continuation of an unlawful municipal policy, practice, and custom.

45.  Defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of her rights secured by 42 U.S.C. §§ 1983 and 1985(3), the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and New York State law.

46.  As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

47.  The plaintiff is also entitled to receive punitive damages because defendants' actions were motivated by extreme recklessness and indifference to the plaintiff's rights.

**FEDERAL AND STATE CLAIMS AGAINST DEFENDANTS KELLY AND HORN**

48. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

49. Defendants Raymond W. Kelly and Martin F. Horn are liable, in their official capacity, to plaintiff because: (1) they created and allowed to continue a policy or custom under which unconstitutional practices occurred, (2) they were grossly negligent in supervising subordinates who committed the wrongful acts, and (3) they exhibited deliberate indifference to the rights of others by failing to act on information indicating that unconstitutional acts were occurring.

50. Upon information and belief, defendants Kelly and Horn were aware from notices of claim, lawsuits, complaints, and the NYPD's and DOC's own observations that the officers sued in the present case were unfit to be officers and employees, and that it was highly likely that they would commit the acts alleged in the present case.

51. Nevertheless, defendants Kelly and Horn exercised deliberate indifference by failing to take remedial action.

52. The aforesaid conduct by defendants Kelly and Horn violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and New York State law, by failing to re-train the defendant subordinate officers, failing to adequately discipline the defendant subordinate officers, failing to adequately investigate prior complaints against the defendant subordinate

officers either at the facilities where the incidents occurred, or at their Headquarters located in New York, New York, and Brooklyn, New York and creating a culture where officers are encouraged to harass and assault those who question their authority, and acting in a manner which amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of State law.

53. As a direct and proximate result of the misconduct and abuse detailed above, plaintiff experienced personal and physical injuries, pain and suffering, fear, psychological pain, emotional distress, mental anguish, embarrassment, and humiliation.

54. The aforesaid conduct of defendants Kelly and Horn amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of State law.

**FEDERAL AND STATE CLAIMS AGAINST THE CITY OF NEW YORK**

55. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

56. The City of New York directly caused the constitutional violations suffered by plaintiff.

57. Upon information and belief, the City of New York was aware from notices of claim, lawsuits, complaints, and from the NYPD's and DOC's own observations, that the officers involved in the present case were unfit to be police officers and corrections officers, and that it was highly likely that they would commit the acts alleged in the present case.

58. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City of New York failed to properly train, re-train, supervise, discipline, monitor, and improperly utilized and retained these officers. Moreover, the City of New York failed to adequately investigate prior complaints against the officers and created a culture where officers can harass and assault citizens without consequence. Indeed, when citizens file complaints against officers, the City has a practice of failing to substantiate or address the complaint, even under circumstances where the complaint is corroborated and credible, and the account given by the officer is unworthy of belief.

59. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

60. Moreover, the aforesaid conduct by the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

61. Finally, under state law, the City of New York is responsible for its employees' actions under the doctrine of respondeat superior.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Costs, interest and attorney's fees;

    d.    Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    New York, New York
               July 20, 2007

                              MICHAEL P. KUSHNER, ESQ.

                              *Attorney for Plaintiff*
                              350 Fifth Avenue, 68th Floor
                              New York, New York 10118
                              212.736.9721
                              mkushner@blanch-law.com

                              By:

                              _____
                              MICHAEL P. KUSHNER (MK-6117)