USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 2 0 2007



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Susan P. Scharfstein
*Special Federal Litigation Division*
212-227-4071
Facsimile: (212) 788-9776
sscharfs@law.nyc.gov

August 9, 2007

*August 20, 2007*
**Application GRANTED**
**SO Ordered**

/s/ Paul Crotty
USDJ

**BY HAND**
Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>Brown-Bezear v. City of New York, et al.</u>, 07 CV 6675 (PAC)

Dear Judge Crotty:

    I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, counsel for defendant City of New York in the above-referenced action brought pursuant to 42 U.S.C. § 1983. Defendant respectfully requests that the time to respond to the complaint be extended by sixty days from the current due date of August 13, 2007, to October 15, 2007. Plaintiff's counsel has consented to this request for an enlargement of time.

    We request this enlargement of time because, in keeping with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. It is our understanding that the records of the underlying criminal matter, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office is in the process of forwarding to plaintiff for execution consents and authorizations for the release of sealed records so that defendant can access the information, properly assess the case, and respond to the complaint. Further, plaintiff has alleged physical injury as a result of the events of which she complains and, accordingly, this office is in the process of forwarding to plaintiff's counsel a consent and authorization for the release of medical records for treatment received as a result of the alleged incident.

    In addition, plaintiff has named individual defendants in this action. This extension will give plaintiff time in which to serve these defendants if she has not already done so. Without appearing or making any representations on their behalf, we respectfully request

that they be granted the same extension of time in which to respond to the allegations of the complaint if and when they are served, in order to ensure that their defenses are not jeopardized while representation issues are being addressed. Moreover, once the individual defendants have been served, pursuant to Section 50-k of the New York General Municipal Law, the Corporation Counsel's office must determine, based on a review of the facts of the case, whether we may represent them. See Mercurio v. City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)) (decision as to whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

No previous request for an extension of time to respond to the complaint has been made. Accordingly, we respectfully request that defendants' time to answer or otherwise respond to the complaint be extended to October 15, 2007.

Thank you for your consideration herein.

Respectfully submitted,

Susan P. Scharfstein (SS 2476)

cc:   Michael P. Kushner, Esq.
      Attorney for Plaintiff
      350 Fifth Avenue, 68th Floor
      New York, NY 10118
      (by hand)

2