UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | |
|---|---|
| DARLENE BROWN-BEZEAR, | **ANSWER** |
| Plaintiff, | 07 CV 6675 (PAC) |
| -against- | <u>Trial By Jury Requested</u> |
| THE CITY OF NEW YORK; COMMISSIONER RAYMOND W. KELLY; COMMISSIONER MARTIN F. HORN; SUPERVISOR POLICE OFFICER JOHN DOE # 1; POLICE OFFICER CASEY; POLICE OFFICER KANE; POLICE OFFICER JOHN DOES # 1-11; CORRECTION OFFICER JOHN DOES # 1-5; SUPERVISOR CORRECTIONS OFFICER JOHN DOES # 1-2; the individual defendants sued individually and in their official capacities, | (filed by ECF) |
| Defendants. | |

------------------------------------------------------------------------x

Defendants City of New York, Raymond Kelly, and Martin Horn,[1] by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the complaint, respectfully allege, upon information and belief, as follows:

1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action, to assert claims, and to seek relief as set forth therein.

---
[1] On information and belief, defendants Casey and Kane have not yet been served.

2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action and to invoke the Court's jurisdiction as set forth therein.

3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the Court's supplemental jurisdiction as set forth therein, that a document purporting to be a notice of claim was received by the Comptroller's Office of the City of New York on or about October 12, 2006, that more than thirty days have elapsed since that date, and that the claim has not been settled, and state that the allegations concerning whether the action was filed within one year and ninety days of the incidents that are the basis of this action are legal conclusions rather than averments of fact and, accordingly, no response is required.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue and personal jurisdiction as set forth therein.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that the City of New York is a municipal corporation authorized pursuant to the laws of the State of New York.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that Raymond Kelly is and was on August 19, 2006, the Commissioner of the New York City Police Department.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that Martin Horn is and was on August 19, 2006, the Commissioner of the New York City Department of Correction.

9. Deny the allegations set forth in paragraph "9" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether the John Doe defendant described therein is employed by the City of New York and assigned to the Midtown North Precinct, also known as the 18th Precinct.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Paul Casey is employed by the City of New York as a police officer and assigned to the Midtown North Precinct, also known as the 18th Precinct.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that Michael Kane is employed by the City of New York as a police officer and assigned to the Midtown North Precinct, also known as the 18th Precinct.

12. Deny the allegations set forth in paragraph "12" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether the John Doe defendants described therein are employed by the City of New York and assigned to the Midtown North Precinct, also known as the 18th Precinct.

13. Deny the allegations set forth in paragraph "13" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether the John Doe defendants described therein are employed by the City of New York and assigned to one or more New York City Department of Correction facility(ies) located on Rikers Island.

14. Deny the allegations set forth in paragraph "14" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether the John Doe defendants described therein are employed by the City of New York and assigned to one or more New York City Department of Correction facility(ies) located on Rikers Island.

15. Admit that plaintiff purports to sue the individual defendants as set forth in paragraph "15" of the complaint.

16. Defendants state that the allegations set forth in paragraph "16" of the complaint are not averments of fact and, accordingly, no response is required.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that Paul Casey and Michael Kane were in the vicinity of 254 West 54th Street, New York, New York, on or about August 19, 2006, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the John Doe defendants.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that plaintiff's daughter's vehicle was involved in an accident on or about August 19, 2006, that police responded to the scene, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff was at "Dillon's," whether plaintiff's daughter left the establishment to feed the meter at which her vehicle was parked, whether plaintiff's daughter went back into the establishment and informed plaintiff of the accident, and whether plaintiff and her daughter left the establishment to check on the daughter's vehicle.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

4

21. Deny the allegations set forth in paragraph "21" of the complaint, except admit that plaintiff was transported to the 18th Precinct.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff was transported to Central Booking.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint, except admit that plaintiff was prosecuted under Docket # 2006NY056219, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff was held pending bail and transported to Rikers Island following arraignment.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "41" of this answer as if fully set forth therein.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. In response to the allegations set forth in paragraph "48" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "47" of this answer as if fully set forth therein.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. In response to the allegations set forth in paragraph "55" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "54" of this answer as if fully set forth therein.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Defendants state that the allegations set forth in paragraph "61" of the complaint are legal conclusions rather than averments of fact and, accordingly, no response is required.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**:

62. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**:

63. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**:

64. At all times relevant to the acts alleged in the complaint, defendants City of New York, Raymond Kelly, and Martin Horn, and their agents and officials, acted reasonably

in the proper and lawful exercise of their discretion.  Therefore, defendants City of New York, Raymond Kelly, and Martin Horn are entitled to governmental immunity from liability.

## **AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**:

65. Any injury alleged to have been sustained resulted from plaintiff's respective culpable or negligent conduct and/or the conduct of someone not under the control of defendants, and was not the proximate result of any act of defendants.

## **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

66. There was probable cause for plaintiff's arrest, detention, and/or search.

## **AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

67. Punitive damages are not obtainable as against defendant City of New York.

## **AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**:

68. Defendants Raymond Kelly and Martin Horn had no personal involvement in the events alleged in the complaint.

## **AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

69. Defendants Raymond Kelly and Martin Horn have not violated any clearly established constitutional right of which a reasonable person would have known and, therefore, are protected by qualified immunity from liability.

**WHEREFORE**, defendants City of New York, Raymond Kelly, and Martin Horn request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       October 15, 2007

                **MICHAEL A. CARDOZO**
                Corporation Counsel of the
                  City of New York
                Attorney for Defendants City of New York,
                  Raymond Kelly, and Martin Horn
                100 Church Street
                New York, New York  10007
                (212) 227-4071

                By: _____/S/_____
                    SUSAN P. SCHARFSTEIN

To:   Michael P. Kushner, Esq.
       Attorney for Plaintiff
       350 Fifth Avenue, 68th Floor
       New York, NY  10118

Index No.  07 CV 6675 (PAC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARLENE BROWN-BEZEAR,

                              Plaintiff,

-against-

THE CITY OF NEW YORK; COMMISSIONER RAYMOND W. KELLY; COMMISSIONER MARTIN F. HORN; SUPERVISOR POLICE OFFICER JOHN DOE # 1; POLICE OFFICER CASEY; POLICE OFFICER KANE; POLICE OFFICER JOHN DOES # 1-11; CORRECTION OFFICER JOHN DOES # 1-5; SUPERVISOR CORRECTIONS OFFICER JOHN DOES # 1-2; the individual defendants sued individually and in their official capacities,

                              Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, Raymond Kelly, and Martin Horn*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Susan P. Scharfstein (SS 2476)*
*Tel:  (212) 227-4071*
*NYCLIS No.:*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ..............................................., 200 . . .*

*......................................................................................Esq.*

*Attorney for ......................................................................*