**INDIVIDUAL PRACTICES OF JUDGE PAUL A. CROTTY, U.S.D.J**
United States District Court
Southern District of New York
500 Pearl Street
Chambers 735
Courtroom 20-C
New York, NY 10007
Telephone: (212) 805-6312 (See Rule 1B)
Fax: (212) 805-6304 (See Rule 1C)
Chambers E-mail: CrottyNYSDChambers@nysd.uscourts.gov
Courtroom Deputy E-mail: Marlon_Ovalles@nysd.uscourts.gov

*<u>Unless otherwise ordered by Judge Crotty, ALL matters, both Civil and Criminal, shall be conducted in accordance with the following practices:</u>*

### Rule #1 - Communications with Chambers

**A. Letters**
Except as otherwise provided below, <u>ALL</u> communications with Chambers shall be <u>by letter</u>, with copies simultaneously delivered to all counsel. Letters addressed to the Court shall be faxed or e-mailed to Chambers. **DO NOT FILE LETTERS ON ECF.** If e-mailed to Chambers, the e-mail subject line shall be as follows:

> Case Caption – Case Number – Brief Description of Letter
> Example: Jane -v- John – 07 Civ. 77777 (PAC) – Plaintiff's Request for a Conference

Letters e-mailed to Chambers should be in <u>pdf</u> format including the <u>signature</u> of the <u>sender</u>. Please do not send copies of correspondence between counsel.

**B. Telephone Calls**
Telephone calls to Chambers should be made only in emergency situations requiring immediate attention. In such situations only, call the Courtroom Deputy, Mr. Marlon Ovalles, at (212) 805-6312. Any voice messages should be brief, and provide the case caption/number and a brief description of the emergency (see Rule 1D for further information on contacting Mr. Ovalles).

**C. Faxes**
Faxes to Chambers are permitted only if copies are also simultaneously faxed or delivered to all counsel. No document longer than ten (10) pages may be faxed without prior authorization. Do <u>not</u> follow with a hard copy.

**D. Docketing, ECF and other Procedural Questions**
For Docketing, ECF and other Procedural Questions please visit the following web link: http://www1.nysd.uscourts.gov/directory.php and visit the appropriate department. In the event of an emergency or no response from the departments listed on the Court's web site, you may as a last resort e-mail the Courtroom Deputy, Mr. Marlon Ovalles, at Marlon_Ovalles@nysd.uscourts.gov.

**E. Requests for Adjournments or Extensions of Time**
<u>Requests for adjournments will not be granted unless counsel requesting the adjournment complies with this rule</u>. All requests for adjournments or extensions of time must state (1) the original date(s), (2) the number of any previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent, and (5) if the adversary consents, counsel shall confer amongst each other and propose <u>three (3)</u> alternate conference dates. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised

Scheduling Order <u>must</u> be attached.  Any request for adjournments of court conferences shall be made at least <u>48 hours</u> prior to the scheduled appearance.  The Court will <u>not</u> advise the parties by telephone or mail of the disposition of requests for extensions and adjournments.  Counsel are responsible for checking the docket sheet in the Clerk's office in person, by use of a service, or through use of the Court's ECF system.

**F.  Contacting Counsel**
If the Court requires information from attorneys/litigants on a pending case, the Courtroom Deputy will contact the attorneys/litigants via e-mail.  All Counsel should routinely check their e-mail for communication from the Courtroom Deputy.  The Court contacts attorneys/litigants with the e-mail address of the Courtroom Deputy: Marlon_Ovalles@nysd.uscourts.gov.

## Rule # 2 - Courtesy Copies

**A. Pleadings**
One (1) courtesy copy of pleadings (example: Complaint, Rule 7.1, Answer), marked as such, shall be submitted to Chambers as soon as practical after filing, in accordance with the SDNY policies regarding mail deliveries.

**B. Motions**
<u>See</u> Rule 3(I) below.

## Rule # 3 - Motion Rules at a Glance

**A. Pre-Motion Conferences in Civil Cases**
As described below (Rule 3C and 3D), a pre-motion conference with the Court is required before making any motion, except:

1. Motions brought on by Order to Show Cause (<u>See</u> Rule 3F)
2. Criminal Motions
3. Motions by <u>Pro</u> <u>Se</u> Litigants
4. Motions for Admission <u>Pro</u> <u>Hac</u> <u>Vice</u>
5. Motions for Reconsideration
6. Motions for Default Judgment (<u>See</u> Rule 3L)

**B. Pre-Motion Conference Letter in Lieu of Answer**
The time to Answer a Complaint is preserved as long as the defendant submits a pre-motion conference letter by the date the Answer is due.

**C. Discovery Motions**
Discovery disputes arising under Rules 26 through 37 or Rule 45 of the Federal Rules of Civil Procedure shall be heard only if the moving party has first conferred in good faith by telephone or in person with all other relevant parties in an effort to resolve the dispute.  If this conference has not resolved the issue(s) raised, the moving party must inform the relevant parties during the conference that the moving party intends to seek relief from the Court on such issue(s).  The moving party must thereafter promptly request a conference with the Court.  To request a conference with the Court, the moving party shall submit a letter, <u>not to exceed three (3) pages in length</u>, setting forth the basis of the discovery dispute and the need for the anticipated motion.  The letter must certify that the required in-person or telephonic conference took place between counsel and the relevant parties.  The letter must also state the date of such conference and provide the adversary's position as to each issue being raised (as stated by the adversary during the in-person or telephonic conference).  <u>These requirements are not satisfied by attaching copies of correspondence between counsel</u>.  The party opposing the requested relief should submit a letter to the Court within three (3) business days (also not to exceed three (3) pages in length).  The letters should be faxed or e-mailed to Chambers.  **DO <u>NOT</u> FOLLOW WITH AN ORIGINAL COPY OF THE LETTERS ONCE FAXED OR E-MAILED TO CHAMBERS.**

**D. Motions other than Discovery Motions**
To arrange a pre-motion conference, the moving party shall submit a letter, not to exceed three (3) pages in length, setting forth the basis for the anticipated motion. Other parties shall respond within three (3) business days. The moving party should not submit a reply letter unless the Court requests it. Once the Court is ready to schedule a pre-motion conference, the Courtroom Deputy will contact the parties, via e-mail, in order to schedule the pre-motion conference on a mutually convenient date. Please see Rule 1A (above) with respect to instructions on how to submit the letter to Chambers. **DO NOT FOLLOW WITH AN ORIGINAL COPY OF THE LETTERS ONCE FAXED OR E-MAILED TO CHAMBERS.**

**E. Return Date**
All motions should be made without a return date.

**F. Orders to Show Cause and Temporary Restraining Orders**
All applications for orders to show cause and temporary restraining orders first shall be brought to the Orders and Appeals Clerk for approval and then to Chambers, provided that in ECF cases, counsel shall adhere to any instructions given by the Clerk's Office with respect to such applications. Applications for temporary restraining orders will be entertained only after notice to the adversary, absent a persuasive showing that the giving of notice itself is likely to result in immediate and irreparable injury.

**G. Memoranda of Law**
Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to twenty-five (25) pages, and reply memoranda are limited to ten (10) pages. Memoranda of ten (10) pages or more shall contain a table of contents.

**H. Filing Motion Papers**
Motion papers shall be filed promptly on ECF after service according to any schedule set by the Court.

**I. Courtesy Copies of Motion Papers**
Two (2) courtesy copies of all motion papers, marked as such, shall be submitted to Chambers at the time the papers are served, in accordance with the SDNY policies regarding mail deliveries.

**J. Bankruptcy Appeals**
Counsel shall provide Chambers with two (2) courtesy copies of their briefs, and counsel for appellant shall provide Chambers with one (1) courtesy copy of the record, immediately upon the filing of the originals with the Clerk of Court. The page limits applicable to memoranda of law on motions apply to briefs on bankruptcy appeals.

**K. Oral Argument on Motions**
The Court will contact the parties after the motion has been fully briefed regarding an oral argument date.

**L. Default Judgments**
**1. Applications.** An application for a default judgment must comply with Local Civil Rules 55.1 and 55.2 and will not be accepted absent the submission of a proposed form of default judgment and an affidavit containing the following:

    a. A description of the nature of the claim;
    b. A description of the legal and factual basis of the Court's subject matter jurisdiction;
    c. A description of the legal and factual basis of the Court's personal jurisdiction over the defendant;
    d. A statement that the defendant is not an infant or an incompetent;

   e. The annexation of a certificate of default stating that the defendant was properly served and failed to answer or appear, signed and stamped by the Clerk of Court; and
   f. The annexation of documentation, if any, substantiating the claim.

**2. Relief.** If a party seeks an award of damages or attorney's fees and expenses, the party must also include:

   a. A request for an amount equal to or less than the principal amount demanded in the Complaint;
   b. Definitive information and documentation such that the amount provided for in the proposed judgment can be calculated. (If this requirement cannot be satisfied, a default judgment may be granted as to liability, and damages will be determined by an inquest/hearing);
   c. An affidavit representing that no part of the judgment sought has been paid, other than as indicated in the motion;
   d. Any request for interest on the principal amount may not exceed 9% simple interest, unless a legal or factual basis is demonstrated for a different rate;
   e. An affidavit setting forth the legal and factual basis for any claim of attorneys' fees and expenses, and the hours spent by each attorney, the reasonable hourly rate for each attorney, a description of services and the dates on which the services were rendered and a description of the expenses; and
   f. The calculations made in arriving at the proposed judgment amount.

## M. Pro Hac Vice Motions
Procedures on filing a Pro Hac Vice Motion can be found by visiting the following web link:
http://www1.nysd.uscourts.gov/pro_hac.php

## N. Failure of the Court to Decide a Motion
If a motion is not decided within 120 days of the time it is fully submitted, counsel for either party may send a letter to the Court to call this fact to the Court's attention.

# Rule # 4 - Electronic Cases

## A. Registration
Counsel for all parties are required to register as filing users in accordance with the Procedures for Electronic Case Filing at http://www1.nysd.uscourts.gov/ecf.php.

## B. ECF Notice
All Civil and Criminal cases (except Pro Se cases) filed on or after March 1, 2004 that are assigned to Judge Crotty are Electronic Case Filings. All counsel must register for ECF and file a Notice of Appearance in each case pending before this Court. Counsel are responsible for checking their registered e-mail and docket sheet for Orders and Notices. If you are not receiving copies of Orders or Notices, please contact the ECF Help Desk at (212) 805-0800, or in person on the third floor of the courthouse.

# Rule # 5 - Rulings

## A. Notice of Rulings in ECF Cases
In ECF cases, notice of opinions, orders, and stipulations is given through the ECF system. **NO OTHER MEANS OF NOTIFICATION WILL BE USED.**

## B. Notice of Rulings in Non-ECF Cases
Judge Crotty participates in the CourtWeb system with respect to cases that are not on the ECF system. Notice of most orders (other than scheduling orders), decisions, and stipulations in non-ECF cases are posted on the World Wide Web and may be accessed through the Court's web site: http://www1.nysd.uscourts.gov/index.php. CourtWeb also permits attorneys to use an electronic watch list to notify them by electronic mail when orders are posted in cases. Counsel are directed to the Court's web site for details as to how to sign up for this service.

Although most orders in non-ECF cases will be posted to the CourtWeb site, counsel are responsible for knowledge of all orders entered on the docket. Copies of any orders, decisions, and stipulations in non-ECF cases will be mailed to ALL parties listed on the ECF docket report for the particular case.

# Rule # 6 - Conferences

**A. Conference Location**

All conferences will be held in Courtroom 20-C unless otherwise indicated. Judge Crotty and Judge Keenan share Courtroom 20-C. All conferences in Courtroom 20-C before Judge Crotty will be scheduled after 2:00 p.m. In the event that Judge Crotty uses a Courtroom other than 20-C, plaintiff's counsel will be contacted by the Court the day before the scheduled court appearance. Plaintiff's counsel shall notify all counsel immediately of the new courtroom location. A sign indicating the correct courtroom location will also be posted on doors of Courtroom 20-C on the date of the scheduled conference.

**B. Transcript of Conference/Hearing**

All conferences before Judge Crotty are recorded using "Courtflow." In order to obtain a copy of an electronically recorded proceeding, please visit the: http://www1.nysd.uscourts.gov/courtrm_tech.php and look for "Electronic Court Recording (ECR)." All oral arguments, trials hearings and all criminal proceedings are recorded using the assistance of a Court Reporter. Please visit the following link, http://www1.nysd.uscourts.gov/court_reporting.php to obtain further information on how to order a transcript from the Court Reporters' Office.

**C. Initial Conference/Arraignment in a Criminal Case**

Upon the assignment of a criminal case to Judge Crotty, the Assistant United States Attorney shall immediately provide a copy (see Rule 1A) of the Indictment and Complaint to Chambers and arrange, preferably via email with the Deputy Clerk Mr. Ovalles, for a prompt initial conference at which the defendant and defense counsel will be present in order to set a discovery schedule, motion schedule or trial date. The defendant shall be arraigned in Magistrate Court if bail has not been set. If bail has been set or if the defendant is remanded, Judge Crotty will preside over the arraignment.

**D. Initial Conference in a Civil Case**

The parties shall submit to the Court a joint letter three (3) business days prior to the conference addressing 1-7 below in separate paragraphs. If the parties are unable to agree on a joint letter, each party shall submit its own letter. For the Court's convenience, the parties are requested to set forth the date and time of the conference in the opening paragraph of the joint letter. The parties shall agree on a Civil Case Management Plan which can be found at: http://www1.nysd.uscourts.gov/judge_info.php?id=91. The jointly-proposed Civil Case Management Plan should be submitted, via fax or e-mail, together with the joint letter as indicated above.

1. The names, addresses (including firm names), e-mail addresses, telephone, and fax numbers of trial counsel;
2. A brief description of the case, including the factual and legal bases for the claim(s) and defense(s);
3. A brief statement by plaintiff as to the basis of subject-matter jurisdiction and a brief statement by each other party as to the presence or absence of subject-matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount;
4. A brief summary by each party of the claim(s) and defense(s) that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried;
5. Any contemplated motions;
6. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed; and

7. A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented). If the parties are unable to agree on a joint letter, each party shall submit its own letter.

# Rule #7 Trial / Hearing Procedures

**A. Exhibits**

1. All Exhibits are to be pre-marked. Plaintiff/Government shall mark the exhibits as numbers and Defendant shall use letters. Ideally, all should be marked before trial, but in all cases, exhibits must be marked no later than the morning of the session of the trial at which they are to be used. No trial time shall be taken for this purpose.
2. Counsel are responsible for marking their own exhibits. Counsel must give <u>two (2) copies</u> of each exhibit to the Court (one for the Judge; the other for the Law Clerk) before using it at trial. Counsel must exchange copies of their trial exhibits before trial begins. The Court/Law Clerk copies of the pre-marked exhibits should be assembled sequentially in a notebook and tabbed. If an individual exhibit has multiple pages, the pages should be paginated.
3. On the day of trial, counsel shall bring additional pre-marked copies for use by witnesses, the Courtroom Deputy, and opposing parties.
4. Counsel shall also provide copies to the Court of any depositions which are intended to be offered, in whole or part, into evidence. Depositions are not generally to be offered in their entirety. Copy the relevant pages only, staple the extracts from each deposition, and offer each as an exhibit.
5. Generally, each side of the case keeps track of its own exhibits.

**B. Witnesses**

All witnesses should be identified in the Joint Pretrial Order in civil cases. Failure to list a witness may result in preclusion of that witness. A person who is expected to testify as a witness should not be present in the Courtroom during the examination of evidence (or have access to a transcript or summary of that evidence); but this rule is not applicable to professional persons who are engaged to provide testimony based on their specialized knowledge, and each party may have one representative in the Courtroom.

**C. Court Reporter**

Please respect the Court Reporter's function. If the spelling of names of people, places, or things is unusual, give a list of such words to the Court Reporter at the start of trial. Speak distinctly; do not speak while someone else is speaking. When referring to an exhibit, use its number or letter so that the record is clear as to what is being discussed. Answers given by a witness relating to distances in the Courtroom or objects before the witness should be clarified by a statement for the record so that the transcript will convey a clear report of what took place at trial. When depositions or documents are read, the reader should proceed slowly enough for the Court Reporter to record what is being said. Depositions are to be read by stating the word "Question" and then reading the question, then stating the word "Answer" and then reading the answer.

**D. Interpreter:**

Counsel should advise interpreters not to engage in a dialogue with the witness. Counsel should also remind interpreters to interpret the witness's testimony word for word. Should the interpreter not understand the witness, the interpreter should so inform the Court immediately so that their inability to understand the witness and interpret their response to a particular question becomes part of the record.

**E. Conduct During Trial/Hearing**

Counsel shall comply with the following guidelines:

1. Please be on time for each court session. Trial engagements take precedence over any other business. If you have matters in other Courtrooms, arrange in advance to have them continued or have a colleague handle them for you.
2. Court time may not be used for marking exhibits. Exhibits must be marked in advance of the court session.
3. Stand whenever you address the Court, especially when making an objection.
4. Please question the witnesses from the podium only, unless the Court gives you permission to approach the witness. Do not pace about the Courtroom when questioning witnesses.
5. If you intend to question a witness about a group of documents, avoid delay by having all the documents with you when you start the examination.
6. Please commence cross-examination without preliminaries.
7. Please make your objection short and to the point. Unless specifically directed by the Court to do so, do not argue the objection. Please do not interrupt a question to make your objection.
8. Please address all remarks to the Court, not to opposing counsel.
9. Please maintain professional decorum. Do not engage in disparaging or disrespectful personal remarks or acrimony toward opposing counsel or witnesses.
10. Please refer to all persons, including witnesses, other counsel, and parties by their surnames and not by their first names.
11. No one at counsels' table should gesture, make facial expressions, audible comments, or the like, as manifestations of approval or disapproval to the testimony of witnesses, or to a ruling or statement by the Court.
12. Only one attorney for each party shall examine, or cross-examine, each witness. The attorney stating objections, if any, during direct examination, shall be the attorney recognized for cross-examination.
13. In examining a witness, counsel should not repeat or echo the answer given by the witness.
14. Please do not run out of witnesses. The Court will advise counsel of its schedule, and counsel should be prepared with witnesses to proceed continuously to the end of trial without interruption. (If a witness is not available, trial will proceed, and the witness's testimony may be precluded.)

**F.  Joint Pretrial Order**

For civil cases, see Appendix A for the form of the Joint Pretrial Order.

**G. Trial/Hearing Schedule**

Trials will generally be conducted Monday through Friday from 9:30 a.m. to 4:30 p.m. The Court will be available to meet with counsel from 9:00 a.m. to 9:30 a.m. Testimony will begin at 9:30 a.m. A luncheon recess will run from 12:45 p.m. to 2 p.m. One (1) 10-15 minute break will be given in the morning and afternoon.

**H. Cellular Phones/PDA**

Counsel wishing to bring a cellular phone/PDA into the Courtroom throughout a trial should make the application in writing pursuant to Rule 1A above two (2) days before trial. If approved, the Court will endorse the application and distribute copies to the U.S Marshals' Office and the District Executive for compliance. In turn, counsel will be allowed to bring a cellular phone/PDA to the Courtroom after screening by security.

# **Appendix A**
# **Form of Pretrial Order**

**Appendix A – Form of Pretrial Order**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

[caption]                                            XX Civ. XXXX (PAC)

The parties having conferred among themselves and with the Court pursuant to Fed. R. Civ. P. 15, the following statements, directions, and agreements are adopted as the Pretrial Order herein.

## I.  NATURE OF THE CASE

[Set forth a brief statement of the general nature of the action and the relief sought by each party.]

## II.  JURY / NON-JURY

[State whether a jury is demanded, whether there is any dispute as to whether the action should be tried by a jury, and the estimated length of trial.]

## III. STIPULATED FACTS

[Set forth any stipulated or agreed upon statements of fact.]

## IV. PARTIES' CONTENTIONS

The pleadings are deemed amended to embrace the following, and only the following contentions of the parties:

A.   Plaintiff's Contentions

[Set forth a brief statement of the plaintiff's contentions as to all ultimate issues of fact and law.]

B.   Defendant's Contentions

[Set forth a brief statement of the defendant's contentions as to all ultimate issues of fact and law.]

## V.  ISSUES TO BE TRIED

[In non-jury cases, each party shall submit a separate statement of the proposed findings of fact and conclusions of law.]

[In all cases, each party shall submit a pretrial memorandum addressing all questions of law expected to arise at trial.]

## VI. PLAINTIFF'S EXHIBITS

## VII. DEFENDANT'S EXHIBITS

[Each side shall list all exhibits it intends to offer on its case in chief. The list shall include a description of each exhibit. All exhibits shall be premarked. If an exhibit is not listed below, it may be used at trial only (a) for cross-examination purposes or (b) if good cause is shown for its exclusion from the pretrial order.]

## VIII. STIPULATIONS AND OBJECTIONS TO EXHIBITS

[If there are to be objections, such objections should be noted with an asterisk, and the grounds for the objection (authenticity, relevancy, etc.) specified. Any objections not set forth herein will be considered waived absent good cause shown.]

[The parties shall set forth any stipulations with respect to the authenticity and admissibility of exhibits and indicate all objections to exhibits and grounds therefor.]

## IX. PLAINTIFF'S WITNESS LIST

## X. DEFENDANT'S WITNESS LIST

[Each party shall list the witnesses it intends to call on its case in chief and, if a witness's testimony will be offered by deposition, shall designate by page and line numbers the portions of the deposition transcript it intends to offer. Each party shall set forth any objections it has to deposition testimony designated by the other and the basis therefore. The witnesses listed may be called at trial. If a witness is not identified, the witness shall not be permitted to testify on either party's case in chief absent good cause shown.]

## XI. MOTIONS IN LIMINE

[In all cases, counsel shall submit a list of all motions addressing any evidentiary or other issues that should be resolved in limine.]

## XII. ADDITIONAL REQUIREMENTS IN JURY CASES

[In jury cases, counsel shall provide the court with requests to charge and voir dire questions. The parties must submit a single, unified set of proposed jury instructions on the law applicable to the specific case. Where an instruction is not agreed upon, the parties should indicate who is proposing the instruction, as well as the legal basis for the instruction and for the other party's opposition to the instruction. Where applicable, counsel shall also submit a proposed special verdict form.]

## XIII. RELIEF SOUGHT

[The plaintiff shall set forth the precise relief sought, including each element of damages. If plaintiff seeks an injunction, the proposed form of injunction shall be set forth or attached.]

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Dated: New York, New York
          _____, 20XX